Opinion issued February 21, 2008






 









 

In The

Court of Appeals

For The

First District of Texas






NO. 01-04-01111-CV

 __________


ENVIROPOWER, L.L.C., Appellant


V.


BEAR, STEARNS & CO., INC., Appellee






On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2004-37741






 CONCURRING OPINION ON EN BANC ORDER


 The trial court found that the net worth of EnviroPower, L.L.C.
("EnviroPower"), the debtor company, is a negative $12 million dollars, if calculated
by subtracting liabilities from assets. EnviroPower is operating solely because its
first lien secured creditor provides it with an operating allowance, and to date,
appears to have forborne calling in the debt it holds. The trial court also found that
EnviroPower's "net worth for purposes of setting a supersedeas bond" is a positive
$8 million, based on a third party's offer to purchase the company. It is the potential
gain from this sale upon which the trial court required a $200,000 supersedeas bond. 
Determining the market value of particular assets, however, is one thing; the market
value of a company as a whole is another. The former would place the value of an
asset on the books at its current worth rather than at its book value (or cost basis), in
instances in which accounting principles allow for it. The latter is a hoped-for gain
(or an unhoped-for loss) should the company be sold, or a capitalization above or
below the company's book value, based upon expectations about potential future
earnings. See Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge), L.L.C., 171 S.W.3d
905, 914 (Tex. App. -- Houston [14th Dist.] 2005, no pet.). Such gains generally are
not recognized under accounting principles unless or until they are realized. The
market value finding in this case is based on the latter concept. 

 As our sister court observed in Ramco, for purposes of statutory interpretation,
courts traditionally define net worth to mean assets less liabilities under basic
accounting principles. See id. at 913-14 (collecting cases interpreting statutes that
contain net worth as a term defined as assets less liabilities under generally accepted
accounting principles); see also Tex. R. App. P. 24.2 (c) (1) ("A judgment debtor 
who provides a bond, deposit, or security under (a)(1)(a) in an amount based on the
debtor's net worth must simultaneously file an affidavit that states the debtor's net
worth and states complete, detailed information concerning the debtor's assets and
liabilities from which net worth can be ascertained."). Such an interpretation could
leave room for differences of opinion as to the current market value of particular
assets, but not the more ethereal (at least when trying to borrow against it to post a
bond) unrealized gain that potentially could be had if the judgment debtor company
was sold in the future, and the unrealized gain distributed among its assets to increase
their value beyond their capitalized cost basis, without any notion that a market exists 
for those assets separate from a sale of the company that has yet to occur.

 Of course, should a gain from the sale of the company be realized, an
appropriate bond must be posted. And, since a potential gain in this case is more
than speculative, the trial court is within its authority to require that the company 
escrow an amount sufficient to post a bond upon the completion of the sale, if the
completed sale results in the company moving from the red to the black in terms of
assets minus liabilities. See Tex. R. App. P. 24.1(e) ("The trial court may make any
order necessary to adequately protect the judgment creditor against loss or damage
that the appeal might cause."). But "market value" based upon the unrealized gain
from a proposed sale of the company does not equal current net worth for the
purposes of setting a supersedeas bond under the Texas Civil Practice and Remedies
Code and Texas Rule of Appellate Procedure 24. See Ramco Oil & Gas, Ltd., 171
S.W.3d at 914 ("By using market capitalization as the standard for determining
Ramco Energy's net worth, the trial court applied an incorrect legal standard and
erred as a matter of law."). 

 The dissent correctly observes that this case and our court's decision in LMC
v. Burke are not wholly incompatible because no party in the LMC case asserted that
the trial court should set a supersedeas bond based on an overall market value that
was unreflected by the company's book value. LMC Complete Automotive v. Burke, 
229 S.W.3d 469, 485-86 (Tex. App.-- Houston [1st Dist.] 2007, pet. denied). The
dissenting view in this case cannot be squared, however, with our sister court's well-reasoned decision in Ramco, in which the court noted the distinction between valuing
a company based on its net worth and valuing one based on its market capitalization,
or market value, and held that net worth, for purposes of setting a bond, is assets less
liabilities. See Ramco Oil & Gas, Ltd., 171 S.W.3d at 913-14. Because disputes
about the determination of net worth arise with regularity in the jurisdictions
encompassed by our two courts, the litigants and trial courts are entitled to some
uniformity in our decisions on the setting of appeal bonds. I therefore join the en
banc opinion and order.


 Jane Bland

 Justice


Panel consisted of Justices Taft, Keyes, and Hanks.


En banc consideration was requested. Tex. R. App. P. 49.7.


A majority of the justices of the Court voted in favor of reconsidering the case en
banc. See id.


The en banc Court on reconsideration consists of Chief Justice Radack and Justices
Taft, Nuchia, Jennings, Keyes, Alcala, Hanks, Higley, and Bland.


Justice Keyes, writing for the majority of the en banc Court, joined by Chief Justice
Radack and Justices Jennings, Alcala, Higley, and Bland. 


Justice Bland, joined by Justice Jennings, specially concurring with the opinion of the
en banc Court. See id.


Justice Hanks, joined by Justices Taft and Nuchia, dissenting from the order and
opinion of the en banc Court.